GRIFFIS,
 
 P.J., for
 
 the Court:
 

 ¶ 1. The Washington County Chancery Court ordered Cordell K. Knighten Sr. (“Knighten”) to pay $400 per month in child support, which was a downward deviation from the statutory child-support guidelines, to Shimberely Hooper for the care of their son. On appeal, Knighten argues that the chancellor erred when she: (1) failed to make written findings explaining how she arrived at the $400 amount and (2) failed to address which parent would be allowed to claim the child as a dependent for income-tax purposes. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Knighten and Hooper were never married and, except for a brief three-month period, never resided together in the same home. Their son, Cordell Knighten Jr. (“CJ”), was born in 1999. He was ten years old at the time of trial.
 

 
 *1209
 
 ¶ 3. Knighten had three other children with two different women following his relationship with Hooper — a son who was five years old at the time of trial, and two twin daughters who were two years old. Knighten never married the children’s mothers. The children did not reside with Knighten, nor was he under any court order to pay child support for them. He had an informal arrangement with the mothers to provide support as needed.
 

 ¶ 4. In July 2008, Knighten filed a petition for custody of CJ. Hooper counterclaimed for custody and child support. Following a bench trial, the chancellor awarded sole physical custody to Hooper and ordered Knighten to pay $400 per month in child support. Knighten appeals.
 

 STANDARD OF REVIEW
 

 ¶ 5. This Court will not disturb the findings of a chancellor when supported by substantial credible evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied.
 
 Sanderson v. Sanderson,
 
 824 So.2d 623, 625-26 (¶ 8) (Miss.2002). Legal questions are reviewed de novo.
 
 Russell v. Performance Toyota, Inc.,
 
 826 So.2d 719, 721 (¶ 5) (Miss.2002).
 

 ANALYSIS
 

 1. Whether the chancellor erred when she did not make detailed written findings as to why she set child support at $100.
 

 ¶ 6. The chancellor decided, in writing, that a downward deviation from the child-support guidelines was appropriate in light of Knighten’s obligations to his three other children. If the chancellor had strictly applied the guidelines, Knighten would have been ordered to pay $526.12 per month. Instead, the chancellor ordered him to pay $400 per month.
 

 ¶ 7. On appeal, Knighten argues that the chancellor erred when she did not explain, in writing, how she arrived at the precise amount of $400. In essence, Knighten argues that the chancellor was required to show the math and her reasons for the reduction. He appears to argue that further transparency in the chancellor’s calculation would result in an amount lower than $400 per month.
 

 ¶ 8. The Mississippi Legislature has provided statutory guidelines to determine the amount of child support. Miss.Code Ann. § 43 — 19—101(1)—(4) (Rev.2009). These guidelines presumptively apply if the pay- or’s annual adjusted gross income is greater than or equal to $5,000 but less than or equal to $50,000.
 
 Id.
 
 The guidelines provide that for one child the payor should be required to pay 14% of his adjusted gross income. Miss.Code Ann. § 43-19-101(1).
 

 ¶ 9. To arrive at the adjusted gross income, the chancellor starts with “all potential sources that may reasonably be expected to be available to” the payor. Miss. Code Ann. § 43-19-101(3)(a). Then, the chancellor subtracts from that amount certain deductions. Two of the deductions consider the payor’s obligations to other children. The chancellor must deduct a prior court-ordered child-support obligation. Miss.Code Ann. § 43 — 19—101 (3)(c). If there is no such obligation, but the payor is the parent of children who reside with him, the chancellor may deduct an amount “appropriate to account for the needs” of those children. Miss.Code Ann. § 43 — 19—101 (3) (d).
 

 ¶ 10. Here, the chancellor correctly determined that neither of these deductions
 
 *1210
 
 applied. Knighten was not under a court order to support his other children, and the children did not reside with him. The chancellor then determined that 14% of Knighten’s monthly adjusted gross income was $526.12. Presumptively, that was the amount he was required to pay.
 

 ¶ 11. Although the deductions did not apply, the chancellor decided that it was equitable to consider Knighten’s other children. Chancellors may deviate from the child-support guidelines if they determine, in writing, that application of the guidelines would be unjust or inappropriate in the particular case. Miss.Code Ann. § 43-19-101(2). When deciding whether a deviation is appropriate, chancellors may take into account, among other things: “[a]ny ... adjustment which is needed to achieve an equitable result which may include, but not be limited to, a reasonable and necessary existing expense or debt.” Miss.Code Ann. § 43-19-103© (Rev.2009).
 

 ¶ 12. Here, the chancellor wrote that “[t]he Court does consider that Mr. Knighten has three other minor children that he has to provide for.... The Court further considers all other factors and finds that it is reasonable for Mr. Knighten to pay .... $400 per month.” Thus, the chancellor determined, in writing, that a deviation from the guidelines was appropriate based on a reasonable and necessary existing expense — namely, Knighten’s obligation to support his other children.
 
 [1]
 

 ¶ 13. Knighten correctly argues that the chancellor did not explain in detail how she settled on the precise amount of $400. However, he cites no authority that supports his proposition that such a detailed explanation was required. The chancellor was faced with great uncertainty in this case. Given the informal arrangement Knighten had with the mothers of his other children, it was unclear exactly how much Knighten paid to support the children. When there is no court-ordered child support for the other children, there will inevitably be uncertainty in this regard. In light of that uncertainty, chancellors must be afforded flexibility and discretion so that they may do equity under the circumstances.
 

 ¶ 14. The chancellor, in her discretion, determined that a downward deviation in the amount of $126.12 per month was appropriate and equitable in light of Knight-en’s obligations to his other children. We find that the chancellor’s decision was within her discretion. This issue is without merit.
 

 2. Whether the chancellor erred when she did not address the dependency exemption in her judgment.
 

 ¶ 15. Instead of closing arguments, the chancellor requested that each
 
 *1211
 
 party submit written proposed findings of fact and conclusions of law. In his written submission, Knighten raised, for the first time, the issue of whether or not he should be allowed to claim CJ as a dependent for income-tax purposes. The chancellor did not address the issue in her judgment, and on appeal, Knighten argues that the omission was error.
 

 ¶ 16. After reviewing the pleadings and the trial transcript, we find that Knighten did not properly raise this issue through his pleadings or the evidence presented at trial.
 
 See
 
 M.R.C.P. 8, 15. As a result, Hooper was not given notice and an opportunity to respond. The issue was not subjected to the adversarial process and, as such, was not properly before the chancellor for consideration. Therefore, the chancellor did not err when she refused to address the issue in her judgment.
 

 ¶ 17. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.
 

 [1]
 

 . We note that the Mississippi Supreme Court has held that the payor is not entitled to a downward modification of child support on the basis that he has had more children since the support order was entered.
 
 Bailey v. Bailey,
 
 724 So.2d 335, 338-39 (¶ 11) (Miss.1998) (overruling
 
 Grace v. Dep’t of Human Servs.,
 
 687 So.2d 1232, 1233-34 (Miss.1997)). In other words, he cannot "sire himself out of his child-support obligation.”
 
 Id.
 
 We also note that there is considerable disagreement among the states as to whether so-called "after-born children” should be considered at all, regardless of whether the issue arises in a modification proceeding or in an original child-support determination. Laura W. Morgan, Child Support Guidelines: Interpretation and Application § 3.04[b] (1st ed. 1996 & Supp.2001). The argument is often made that the payor should not be allowed to continue to procreate to the financial detriment of his existing children.
 
 Id.
 
 Neither party to this appeal challenges the chancellor’s consideration of the three children who were born after CJ. Therefore, we do not address the applicability of the
 
 Bailey
 
 holding.